UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-656 SRW |
| | ) | |
| EASTER SEALS MIDWEST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Self-represented Plaintiff Stephanie Walker brings this action for employment discrimination against her employer, Easter Seals Midwest, and two of its employees. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1).

Also before the Court are three motions from Plaintiff seeking to supplement her complaint. ECF Nos. 6-8. Attached to these motions are hundreds of pages of exhibits which contain unredacted personal data. In a cover letter attached to the exhibits, Plaintiff seeks to add new legal claims to her complaint, but she does not attach an amended complaint. For the reasons explained herein, Plaintiff motions to supplement will be denied and the unredacted exhibits will be stricken from the record.

As Plaintiff is now proceeding *in forma pauperis*, her complaint is subject to initial review under 28 U.S.C. § 1915. Based on such review, Plaintiff will be directed to file an amended complaint on a court-provided form in compliance with the instructions provided

herein. Plaintiff may attach to the amended complaint only properly redacted exhibits that do not contain personal data of non-parties to this suit.

Finally, as there is no constitutional right to appointment of counsel in civil cases and it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's motion for counsel, subject to refiling at a later date. Plaintiff's failure to comply with this Order could result in dismissal of this action.

## The Complaint

Plaintiff has been employed by defendant Easter Seals Midwest ("ESMW") for approximately sixteen and one-half years. ECF No. 1 at 5. For most of her time with the company, she has been a "Community Living Instructor/Specialist." She has held this position as a "floater" for the past year-and-a-half. Her job requires her to work in the homes of ESMW's clients, for which Plaintiff states she needs adequate "behavioral" and "medical" information. *Id.*

Plaintiff brings this suit against her current employer, ESMW, and two of its employees, Ryan Koons (manager) and Ashley Brown (director), under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*[1] *Id.* at 1-2, 5. Plaintiff alleges that she has suffered harassment and retaliation based on her age of 47 years, and that because of the "ongoing harassment there has been minimum opportunity for advancement." *Id.* at 4-5. Plaintiff has experienced this discriminatory treatment just in the "last years of [her] employ[ment]." *Id.* at 3. Plaintiff complains that she has had to do her job "with no access to documentation nor training" while being asked "to falsify information of being trained … and

---

[1] On the form complaint, Plaintiff checked the lines for bringing this employment discrimination lawsuit based on the ADEA and "Other." ECF No. 1 at 1-2. Plaintiff does not "[d]escribe" the "Other," as specified to do on the form. *Id.* at 2. As such, although it is unclear what Plaintiff means by "Other," the Court notes that she specifically did not check the line for seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race, color, religion, gender, or national origin. *Id.* at 1. Furthermore, the complaint contains no factual allegations of discrimination based on any of these protected classes.

being covid vaccinated." *Id.* at 5. When Plaintiff requested access and training, she was "taken off schedules, ignored and denied access to resources" by manager Koons. *Id.* at 5-6.

Plaintiff brought her complaints to director Brown and the human resources department. *Id.* at 6. She was offered a lower paying position and "pulled from schedules." *Id.* at 6-7. Plaintiff alleges that she "knew of a younger coworker that Ryan [Koons] was more favorable of, offered numerous shifts and overtime." *Id.* at 6. Plaintiff states that her performance "began to change" after she "received training and education outside the agency for professional development" and that the discriminatory conduct is no longer occurring. *Id.* at 7-8. Plaintiff attached her Equal Employment Opportunity Commission ("EEOC") right-to-sue letter, dated February 16, 2023, to her original complaint, but no such letter was attached to her charge of discrimination filed in June of 2023. ECF Nos. 1-3, 6-8.

For relief, Plaintiff seeks additional job training; monetary damages for suffering, emotional distress, embarrassment, and lost wages; and court costs. ECF No. 1.

**Motions to Supplement the Complaint (ECF Nos. 6-8)**

I.   **Content of Motions**

About a month after case initiation, Plaintiff filed hundreds of pages of additional documents with the Court, which she labelled as exhibits 1 through 22. *See* ECF Nos. 6-8. She divided the exhibits into three groups and attached a duplicate cover page to each group which requested that the documents be "used as exhibits to [her] complaint." ECF Nos. 6 at 1; 7 at 1; 8 at 1. However, those cover letters also stated that Plaintiff was "writing to inform the courts of the laws … violated" and her belief that she was subjected "to different terms and conditions of employment, harassed, and disciplined in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as Amended; and because of my age (47), in violation of the Age Discrimination in Employment Act of 1967, as Amended." *Id.*

The attached exhibits appear to include Plaintiff's February 2022 complaint letter to human resources; documents about Plaintiff's terms of employment with ESMW; Plaintiff's educational and certification qualifications; text messages with Plaintiff's manager Koons and numerous other ESMW employees; maps and photos of homes of ESMW clients; documents from Plaintiff's home visits with ESMW clients; lists of ESMW client addresses; documents about ESMW training; and Plaintiff's performance reviews. ECF Nos. 6-8. Many pages of these exhibits contain personally identifying data, including social security numbers (ECF No. 6-3 at 1) and addresses of non-parties to this action (ECF Nos. 6-5, 6-6, 6-8, 6-9, 7-2, 7-4, 8-1, & 8-4 through 8-6). Since this personal information was not redacted by Plaintiff, the Court placed these exhibits under seal.

**II.     Discussion**

Plaintiff's motions do not seek to simply supplement her complaint with exhibits; they seek to add a new legal claim under Title VII of the Civil Rights Act. The Court does not accept amendments by interlineation (*i.e.*, by adding language to the pending complaint), because it creates confusion in the record, especially for the responding party. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."). Plaintiff did not include a proposed amended complaint with her motions.

In addition, many of the pages of the exhibits attached to Plaintiff's motions to supplement contain personal data identifiers. The Court's Local Rule 2.17(A) requires redaction as follows:

> In compliance with the policies of the Judicial Conference of the United States and the E-Government Act of 2002, promoting electronic access to case files

> while also protecting personal privacy and other legitimate interests, parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal identifiers from all documents filed with the Court, including exhibits to such filings, unless otherwise ordered by the Court:
>
> (1) Social Security Number. Only the last four digits of a Social Security number may be listed in the filing.
> (2) Names of Minor Children. Only the initials of minor children may be listed in the filing.
> (3) Dates of Birth. Only the year of birth may be listed in the filing.
> (4) Financial Account Numbers. Only the last four digits of financial account numbers may be listed in the filing.
> (5) Home Addresses. The home address of a non-party should not appear in any filing. If a home address must be included, only the city and state may be listed.

The responsibility for redaction rests solely with the filing party – which in this case is Plaintiff. E.D. Mo. L.R. 2.17(B).

Plaintiff failed to properly redact these exhibits as required by the Local Rule. Some of these documents contain client addresses with alarm codes for entering homes and photos of the inside of clients' homes. This violates the privacy of these non-parties and the purpose of Local Rule 2.17 – to protect personal privacy while promoting electronic access to case files. This is not acceptable.

For these two reasons, the Court will deny Plaintiff's motions to supplement. Because the Court is denying Plaintiff's motions, these exhibits will be stricken from the record. As discussed below, Plaintiff will be directed to file an amended complaint in this matter. Plaintiff may attach exhibits to her amended complaint but exhibits may only include personally identifying information where "necessary" and must be properly redacted. E.D. Mo. L.R. 2.17(A). <u>Plaintiff must refrain from filing any exhibits containing non-party personally identifying information, including addresses, alarm codes, and photos of ESMW clients' homes. If Plaintiff feels these exhibits are necessary at this early stage in the litigation, she must file a separate motion explaining her rationale and attaching the exhibits for filing under seal</u>. The Court warns Plaintiff

that the Court is disinclined to grant such a motion at this time, in the interest of protecting the privacy of non-parties to this case, and would prefer for such documents to be handled, if and when, this case reaches discovery.

## Initial Review of Complaint under § 1915

**I.      Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

<07>
<08>
<09>

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## II. Deficiencies in the Complaint

Upon review of the complaint under 28 U.S.C. § 1915(e)(2), the Courts finds multiple legal deficiencies in the pleadings. However, because Plaintiff is self-represented, she will be allowed to amend her complaint in accordance with the instructions set forth below. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se* plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint). Plaintiff should consider the following legal issues in filing her amended complaint.

### a. Requirements of an ADEA claim

The Age Discrimination in Employment Act of 1967 ("ADEA") prohibits employers from discriminating against individuals who are forty years or older, because of their age. 29 U.S.C. §§ 623, 631. In order to establish a prima facie case under the ADEA, a plaintiff must show: (1) she is over forty; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). In addition, the ADEA prohibits retaliation against employees who oppose any practices made unlawful by the statute, or who file charges or assert their rights under the statute. *See* 29 U.S.C. § 623(d).

Before bringing suit under the ADEA, a plaintiff must have filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005). A plaintiff will be deemed to have exhausted administrative remedies as to allegations that are like or reasonably related to the allegations

brought before the EEOC. *See Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 539 (8th Cir. 2020).

In this case, Plaintiff's complaint does not contain all the necessary allegations to state an ADEA claim. Plaintiff mentions younger employees who are treated more favorably than herself; however, she does not allege or provide factual allegations suggesting that these employees are similarly situated to herself in terms of their positions and terms of employment with ESMW. As to Plaintiff's claim of retaliation, she states, in part, that she was retaliated against due to her complaints about lack of access to documents and training. These are not practices made unlawful by the statute. Plaintiff must correct these pleading deficiencies in the filing of her amended complaint if she wants her ADEA claim to survive review. Finally, because Plaintiff must exhaust her allegations with the EEOC, she will be directed to also file her EEOC charge of discrimination with her amended complaint.

   b.  **Requirements of a Title VII claim**

If Plaintiff chooses to also pursue a claim under Title VII, as suggested in her motions to supplement, her amended complaint must also contain the required pleadings to state such a claim. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an individual on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of Title VII discrimination, a plaintiff must show that she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).

In the complaint, Plaintiff does not allege that she was discriminated against based on any of the Title VII protected classes. In fact, Plaintiff never specifies her own race, color, religion, or national origin; nor does Plaintiff allege membership in any protected class. Plaintiff never details any disparate treatment and the complaint is void of any allegations that similarly situated employees of a different race, color, religion, gender, or national origin were treated more favorably. Plaintiff's amended complaint must state a prima facie case of Title VII discrimination in order to survive initial review under 28 U.S.C. § 1915(e)(2).

### c. Proper Defendants

Title VII and the ADEA only address the conduct of employers, and they do not impose individual liability. *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) (Title VII); *Drowns v. Vill. of Oakview Bd. of Trustees*, No. 4:22-00317-CV-RK, 2022 WL 17489951, at *4 (W.D. Mo. Dec. 7, 2022) (concludes that there is no individual liability under the ADEA despite the Eighth Circuit never expressly stating). Plaintiff should not name any individuals (*i.e.*, Ryan Koons and Ashley Brown) in her amended complaint as defendants for these claims, only her employer.

### III.   Instructions for Filing an Amended Complaint

Plaintiff shall file an amended complaint, attaching her EEOC charge of discrimination and right-to-sue letter. Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff must submit the amended complaint on the court-provided form. Plaintiff should make sure to fully complete the form and provide all required information. Plaintiff should specify all legal grounds for her employment discrimination lawsuit. Plaintiff should detail all

facts and describe specific conduct that she believes is discriminatory. Plaintiff is required to set out her alleged claims in a simple, concise, and direct manner. She must also allege the facts supporting her claims.

After the filing of Plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review in order for Plaintiff to proceed in this lawsuit.

## Appointment of Counsel

Finally, Plaintiff has filed a motion for appointment of counsel. ECF No. 5. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once a plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as defendants have not yet been served, and

the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's 'Employment Discrimination Complaint' form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the court-provided form and in compliance with the Court's instructions. Plaintiff shall attach her EEOC charge of discrimination and right-to-sue letter.

**IT IS FURTHER ORDERED** that Plaintiff's motions to supplement the complaint [ECF Nos. 6-8] are **DENIED**. Plaintiff may re-file any exhibits as attachments to her amended complaint that do not contain personally identifying information of non-parties and that are properly redacted under Local Rule 2.17. The Clerk is instructed to return to Plaintiff any exhibits filed by Plaintiff that do not comply with the instructions in this Order and Local Rule 2.17.

**IT IS FURTHER ORDERED** that Plaintiff's unredacted exhibits [ECF Nos. 6-1 through 6-9, 7-1 through 7-6, and 8-1 through 8-7] are **STRICKEN from the record**.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall review this action pursuant to 28 U.S.C. §1915.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 5] is **DENIED without prejudice**.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 10th day of August, 2023.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE