UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE WALKER,  )<br>  )<br>        Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>EASTER SEALS MIDWEST,  )<br>  )<br>        Defendant.  )  | Case No. 4:23-cv-656 SRW |

**MEMORANDUM AND ORDER**

This matter is before the Court on the filing of Plaintiff's Amended Employment Discrimination Complaint. ECF No. 10. Because Plaintiff is proceeding *in forma pauperis*, the Court is required to review the amended filing and dismiss any part of it that is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). Upon such review, the Court will dismiss this action without prejudice.

**Background**

Plaintiff filed the instant action on the Court's Employment Discrimination Complaint form against her employer, Easter Seals Midwest ("ESMW"), and two of its employees, Ryan Koons (manager) and Ashley Brown (director), under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*[1] ECF No. 1. Plaintiff attached her Equal Employment Opportunity Commission ("EEOC") right-to-sue letter, dated February 16, 2023, to her complaint, but not her charge of discrimination. ECF No. 1-3.

Plaintiff has worked at ESMW for approximately sixteen and one-half years. She was a "Community Living Instructor/Specialist" for most of her time with ESMW, but has held the

---

[1] Within the form complaint, Plaintiff checked the lines for bringing this lawsuit under the ADEA and "Other." ECF No. 1 at 1-2. Plaintiff did not "[d]escribe" the "Other," as specified to do on the form. *Id.* at 2.

"floater" position for the past year and a half, which requires her to work in the homes of ESMW's clients. Plaintiff claimed she was subjected to harassment and retaliation based on her age of 47 years, and because of the "ongoing harassment there has been minimum opportunity for advancement." ECF No. 1 at 4-5. Plaintiff alleged she has been forced to do her job "with no access to documentation nor training" while being asked "to falsify information of being trained . . . and being covid vaccinated." *Id.* at 3, 5. When Plaintiff requested access to client documentation and training, she was allegedly taken off the schedule, ignored, and denied resources. *Id.* at 5-6. After she complained to management, she was offered a lower-paying position. *Id.* at 6-7. She stated she knew a younger coworker who was treated more favorably and offered "numerous shifts and overtime." *Id.* at 6. Plaintiff noted that her performance "began to change" after she "received training and education outside the agency for professional development" and the discriminatory conduct is no longer occurring. *Id.* at 7-8.

On August 10, 2023, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined it was subject to dismissal. ECF No. 9. First, Plaintiff had not submitted a copy of her charge of discrimination and, as a result, the Court was unable to determine whether she exhausted her administrative remedies. Second, the complaint did not contain the necessary allegations to state a plausible ADEA claim. Although she mentioned a "younger employee" who was allegedly treated more favorably than herself, she did not provide factual allegations suggesting the employee was similarly situated to herself in terms of their position and terms of employment with ESMW. As to her claim that she was retaliated against due to her complaints about lack of access to documents and training, the Court noted that such practices were not unlawful under the statute. Third, to the extent Plaintiff intended to bring a claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the complaint failed to specify whether she was a member of a protected class, did not include details of any

disparate treatment, and was void of any allegations that similarly situated employees of a different race, color, religion, gender, or national origin were treated more favorably. Lastly, Plaintiff inappropriately named Ryan Koons and Ashley Brown as defendants because Title VII and the ADEA only applies to the conduct of the employer.

Due to Plaintiff's self-represented status, the Court directed her to submit an amended complaint to correct the pleading deficiencies and to file her EEOC charge of discrimination with her amended complaint.

### Amended Complaint

Plaintiff filed her amended employment discrimination complaint on September 11, 2023. ECF No. 10. In the caption section of the form complaint designated to name the defendant(s), Plaintiff writes: "Easter Seals Midwest, et al." *Id.* at 1. Despite the "et al." designation, Plaintiff does not name Ryan Koons or Ashley Brown anywhere in the amended complaint. As such, it appears Plaintiff followed the Court's instructions and amended her complaint to only include claims against her employer, ESMW.[2] Also, as directed, Plaintiff filed a copy of her charge of discrimination, which confirms she has exhausted her administrative remedies with the EEOC. *See* ECF No. 10 at 12.

Similar to the original complaint, Plaintiff checks the boxes indicating she is alleging claims of retaliation and harassment under the ADEA and "Other," but does not describe what "other" statute or legal claim she wishes to bring. *Id.* at 2. Plaintiff does *not* check the box to indicate she is bringing a Title VII claim. *See id.* at 1. Under the section designated for her to allege the characteristics she believes she was discriminated for; Plaintiff checks the box for "age" and

---

[2] The ADEA and Title VII only address the conduct of employers, and they do not impose individual liability. *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) (Title VII); *Drowns v. Vill. of Oakview Bd. of Trustees*, No. 4:22-00317-CV-RK, 2022 WL 17489951, at *4 (W.D. Mo. Dec. 7, 2022) (concludes that there is no individual liability under the ADEA despite the Eighth Circuit never expressly stating).

provides a birth year of 1975. *Id.* at 5. She leaves the boxes for race, religion, national origin, color, gender, and disability blank. *Id.* As for her statement of statement of claim, Plaintiff writes:

> 1) I am 47-year-old African American woman[,] 2) 16 ½ work experience with ESMW[,] 3) Several years no raises/promotions[,] 4) Diffe[re]nce in treatment between myself and younger coworker[,] 5) Following policy and being a mandated reporter I seeked [sic] documentat [sic] / training for safety reasons then received adverse reaction.
>
> Review typed statement.

*Id.* at 5.

Within the statement of claim, Plaintiff directs the Court to a two-page attachment. *Id.* at 10-12. The attachment indicates it is Plaintiff's intent to bring this action pursuant to the ADEA as well as Title VII and the Occupational Safety and Health Act of 1970. *Id.* at 10. Plaintiff asserts she has held the position of "Community Living Instructor / Specialist" from June 2007 to "Current" and has not received "raises/promotions until the last few years." *Id.* She states that after she took additional training and education outside of the workplace, she "noticed a change in [her] workplace environment during the last years of employment as well as a difference in treatment in the workplace between [her]self and younger coworkers." *Id.* She claims she was "taken off the schedule, suspended, asked to take lower pay, received a falsified performance review as well as direct/indirect comments about not being able to complete job responsibility." *Id.* She claimed that "[d]ue to ongoing harassment," she had "minimum opportunity [to] advance" at her job. *Id.*

Around June of 2021, ESMW created a position titled, "Community Living Floater." *Id.* Plaintiff alleges she requested training and documentation for the new position, but "received an adverse reaction for following the company policy, and reporting documentation/training issues to ESMW management team and HR." *Id.* Plaintiff claims that because she "lacked access to training and documentation," she was unable to properly care for her clients. *Id.* She also complains that an ESMW director inappropriately asked her to falsify information to a client.

On or around February 8, 2022, Plaintiff met with human resources "about beliefs of discrimination, denied documentation/training from [her] manager and director, and safety concerns regarding these issues." *Id.* at 11. On the same day, Plaintiff was allegedly asked to take a lower paying position. On or around March 3, 2022, Plaintiff was suspended "due to non-completion of On-the-Job Training Packet (after making complaint of manager not offering training)." *Id.* Plaintiff claims her manager admitted it was his fault, not hers, that she did not complete the packet. On or around March 14, 2022, Plaintiff was again asked to take a lower paying position. Plaintiff was subsequently told to participate in "advanced MANDT" training and was marked "past due" on the task despite not being offered a training date. *Id.*

At some point, Plaintiff states she learned that a "younger coworker who held the position as a floater and worked with ESMW for 2 ½ years" never completed the On-the-Job Training Packet or advanced MANDT training. *Id.* She does not state the age of this individual, nor does she indicate whether he also was marked "past due" for non-completion. In December 2022, Plaintiff was subject to a performance evaluation in which they discussed her "issues with management," which included incidents in which she threated a manager, hung up on a manager, and was behind on training. *Id.* Plaintiff claims these allegations were untrue and she refused to sign the evaluation form. Consequently, she was "taken off the schedule and asked to take a lower paying position again." *Id.* She is still currently employed at ESMW. She does not state that she actually received a pay reduction.

## Legal Standard

A complaint filed without prepaying fees and costs by a non-prisoner is subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Carter v. Schafer*, 273 F. App'x 581 (8th Cir. 2008) (stating that "contrary to plaintiffs' arguments on appeal, the provisions of 28

U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service").

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

**Discussion**

Upon review of the amended employment discrimination complaint under 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff has not remedied her pleading deficiencies and has failed to state a claim. Consequently, this action will be dismissed.

**1. ADEA claim**

The Age Discrimination in Employment Act of 1967 ("ADEA") prohibits employers from discriminating against individuals who are forty years or older, *because of* their age. 29 U.S.C. §§ 623, 631. "The ADEA prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment." *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005).

In order to establish a prima facie case under the ADEA, a plaintiff must show: (1) she is over forty; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). In addition, the ADEA prohibits retaliation against employees who oppose any practices made unlawful by the statute, or who file charges or assert their rights under the statute. *See* 29 U.S.C. § 623(d).

In this case, Plaintiff's amended complaint, similar to her original complaint, does not contain all the necessary allegations to state a plausible ADEA claim. Again, Plaintiff mentions one employee, a "younger" floater, who "worked with ESMW for 2 1/2 years who never completed the OJT packet nor took mandatory advance MANDT." ECF No. 10 at 11. Other than holding the same job title of "floater," Plaintiff does not indicate this employee's age to show he was substantially younger than her, and does not provide any factual allegations evidencing he was similarly situated to Plaintiff in regard to his training requirements or that any favorable treatment was actually due to his age. Even though Plaintiff indicates her birth year, which qualifies her for

ADEA protections, she does not provide a single fact in support of the proposition that the alleged workplace harassment and discrimination was *based on* her age. *See Williams v. FedEx*, No. 4:21-CV-00980-PLC, 2021 WL 5937429, at *3 (E.D. Mo. Dec. 16, 2021) ("Simply stating that he was discriminated against because of his age is not sufficient; rather, plaintiff must provide facts to support his proposition."). Rather, to the contrary, Plaintiff claims she received no raises or promotions "until the last few years." *Id.* at 10. This statement actually supports better privileges as she aged. Additionally, she appears to assert she was retaliated against due to her complaints about lack of access to documents and training, but such access is not a privilege of employment covered under the ADEA.

Therefore, Plaintiff's claim under the ADEA will be dismissed for failure to state a claim against her employer, ESMW.

**2. Title VII claim**

Although Plaintiff does not check the appropriate line on the Court's employment discrimination form, she expressly indicates in her attachment to the statement of claim that it is her intent to bring a Title VII claim against defendant ESMW.

Title VII of the Civil Rights Act of 1964 prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018); 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of Title VII discrimination, a plaintiff must show she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).

In the amended complaint, Plaintiff states she is an African-American woman. She does not, however, allege any facts to support that she was discriminated against *because of* her race, color, national origin, or gender. Plaintiff does not detail any disparate treatment and the complaint is void of any allegations that similarly situated employees of a different race, color, religion, gender, or national origin were treated more favorably. While she refers to "younger coworkers," she does not state their race, color, national origin, or gender. This is insufficient to meet pleading requirements. *See Ingram v. Ark. Dep't of Corr.*, __ F.4th __, No. 23-1413, slip op. at 4-6 (8th Cir. Jan. 26, 2024).

Although the Court must accept Plaintiff's factual allegations as true, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). In other words, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). Simply stating that the complaint is brought pursuant to Title VII is not sufficient, without more, to state a plausible claim for relief.

Therefore, Plaintiff's claim under Title VII will be dismissed for failure to state a claim against her employer, ESMW.

**3. Occupational Safety and Health Act claim**

Similar to the Title VII claim, Plaintiff indicates in her attachment to the statement of claim that it is her intent to bring a claim under the "Occupational Safety and Health Act." However, the Occupational Safety and Health Act "creates no private right of action for an injured employee against his employer." *B&B Insulation, Inc. v. Occupational Safety and Health Review Comm'n*, 583 F.2d 1364, 1371 n. 11 (5th Cir. 1978); *Hurlburt v. Lohr Distrib. Co., Inc.*, No. 4:17-CV-2733-

JMB, 2018 WL 3870109, n.4 (E.D. Mo. Aug. 15, 2018) ("It is well-settled that OSHA does not provide a private cause of action for employees.)"

Therefore, Plaintiff's claim under the Occupational Safety and Health Act will be dismissed for failure to state a claim against her employer, ESMW.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the amended complaint because it fails to state a claim upon which relief may be granted. Plaintiff's claims against Defendant Easter Seals Midwest are **DISMISSED without prejudice**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of January, 2024.